Taliaferro, J.
These cases are somewhat interwoven with each other, and counsel having consented that the evidence taken in the first shall apply to the last, it will be convenient to consider them together.
The succession of Mrs. Celeste Belanger, deceased, lato widow of Lemuel Tanner, deceased, was opened in the parish of Terrebonne, in the summer of 1864. In October of the same year, J. F. Thompson petitioned for the administration of the estate. An inventory was made, without an order of Court, and no further proceedings were taken, until the 8d day of August, 1865, when Winchester Hall filed an application to be appointed administrator, predicating it upon Thompson’s waiver of liis right, and, as he alleges, at the instance of several creditors of the succession, having claims against it. Notices of this application were posted up at three different places in the town of Houma, there being at the time no newspaper published in the parish. He filed his bond, which was accepted, and letters of administration were granted to him on the 16th of August, without the requisite internal revenue stamps being affixed to any of the official papers. Louis Bush deposited stamps for this purpose in the clerk’s office, on the 24th of August, but they were not affixed. Blake, the plaintiff in this suit, acting (as he avers) at the instance of several of the heirs of the estate, filed an opposition to Hall’s appointment, on the 19th of August, and declares that the proceeding of Hall was taken against the wishes of the heirs, and without notice to them. He prayed to be appointed administrator, and that the appointment of Hall be annulled.
Francis L. Mead, by Winchester Hall, his attorney, opposed Blake’s ■pretensions, setting himself up as a creditor, and praying that Hall be .continued as administrator.
The case came on for trial on the 14th of September. Judgment was rendered, decreeing the appointment of Hall a nullity, and awarding- the *50 administration to two of the heirs of Mrs. Tanner, Elizabeth Jordan, wife of R. D. Jordan, and to Eranklin Tanner, jointly, “ upon their compliance with the law in such cases.” Hall filed a motion for a new trial. On the 25th of September, the motion for a new trial being overruled, Hall, by motion in open Court, appealed, and filed his appeal bond. Ten days having elapsed in the meanwhile, without the appointees, Jordan and Tanner, having given security, two motions were filed in Court—one on the port of the two heirs who had received the conditional appointment, to be continued in their office jn'ovisionally, until the appeal should be determined ; the other by sundry creditors, asking the removal of the heirs, and the continuance or appointment of Hall as administrator. On the first of these motions, the Court retained Jordan and Tanner, extending the time for furnishing security to thirty days, and overruled the other motion.
Prom the judgment decreeing the extension of time to the joint provisional administrators, Mead, one of the creditors, alone appealed. This appeal, forming one branch of this litigation, is now before this Court, and will be disposed of separately.
The controversy now assumed a different aspect. The creditors became clamorous. A writ of sequestration was sued out by J. I. Adams & Co., against the property of the estate, and it was taken into the hands of the sheriff. The heirs appointed in September, 1865, had caused an inventory and appraisement to be made of the whole estate, in November of that year, by which, it appeared, the entire property was estimated to be worth thirty-three thousand dollars ; whereas, about a year before, the appraisement of the same property, taken on Thompson's proceedings for the administration, amounted to over one hundred and ninety thous- and dollars. At the May term, 1866, of the District Court for the parish of Terrebonne, various creditors united in a petition to the Court, representing that there was no legal representative of the estate, the property in a precarious conditionj’that the persons named as administrators had failed to furnish the required security, and that a state of things existed which required that the estate should be declared insolvent, a meeting of the creditors called, and a syndic appointed. An order in consonance with the prayer of the petition was rendered by the Court, and a meeting of the creditors called for the 13th of July, 1866. The creditors convened pursuant to the order. ’Winchester Hall and Robert C. Moore were voted for in the election of syndic. By the return of the notary, who presided at the meeting, it appeared that Moore had received votes carrying the majority in amount. At the ensuing November term of the Court, an opposition was filed to the homologation of the proceedings, complaining of various illegalities in the election, and praying that Hall be recognized as the choice for syndic. The opposition was overruled, and Moore was decreed to be duly elected. A motion for a new trial was overruled, and Thompson and other creditors making the opposition have appealed.
Before entering into the review of the proceedings of the meeting of creditors, it is proper to remark, that about a month previous to the term of Court at which this case was tried, Hall wa's appointed provisional syndic, and that this appointment was made at the instance of a number of the creditors.
*51 Against the opposition and application, of the plaintiff Blalce, for the administration of the estate, the defendant Hall filed an exception, the substance of which is, that the action is revocatory in its character, and can only be conducted by astrict observance of all the formalities required in a regular suit, such as entry of default, judicial delays, etc. The exception being overruled, he answered by averring that he had been regularly appointed administrator, after having complied with the requirements of law; that the proceedings were all regular, and that no cause for his removal existed.
It was shown on the trial, that no internal revenue stamps had been affixed to any of the papers forming the record of proceedings in relation to the estate, and that the notices of his application had not been posted up at three different places in the parish, in the manner required by law, in cases where there is no newspaper published in the parish. By the ulterior proceedings in the sequel of the controversy, it is shown that the defendant was appointed provisional syndic ; that he accepted the office, and took an oath to discharge its duties. He received a large vote at the meeting of the creditors, for the office of syndic, and he is now by counsel before this Court, contesting the right of his competitor to that office, and asking to be recognized either as administrator or syndic.
It is urged on the other side, with much force, that the acceptance by the defendant of the office of provisional syndic, and claiming to be elected syndic, is virtually an acquiescence in the judgment decreeing the nullity of his appointment as administrator. That judgment, we are satisfied, was properly rendered. The want of the revenue stamps was fatal to the defendant’s pretensions to the office of administrator. With the fact before his eyes, that neither the bond, appraisement, or letters of administration had stamps upon them, the judge could not do otherwise than treat the appointment as a nullity. The bare inspection of the instruments w7as conclusive. The revenue laws of the United States declare “that it shall not be lawful to record any instrument, document or paper, required by law to be stamped, unless a stamp or stamps of the proper amount shall have been affixed; and the record of any such instrument, upon which the proper stamp or stamps shall not have been affixed, shall be utterly void, and shall not be used in evidence.” U. S. Statutes at large, vol. 13, p. 292, ?¿ 152. Bonds for the performance of the duties of any office, and letters of administration, are required to be stamped. Same volume, pages 299 and 300.
In the concurso of creditors, when the election of syndic came on, a strong opposition was made to votes being given on certain promissory notes, purporting to have been drawn by Washington Tanner, as the agent of his mother, the late Mrs. Belanger. It was objected against these notes, that they were executed after the mandate given by Mrs. Belanger to Washington Tanner had expired, and that they have no binding force as debts of her succession.
The mandate was executed before the recorder of the parish of Lafourche, in regular notarial form, on the 9th of January, 1857. It confers general powers to manage the affairs of her plantation, a large sugar estate in the parish of Terrebonne, to seE and dispose of the crops, and apply the proceeds to pay her debts, and defray the expenses of the *52 family and plantation. To facilitate tlie mandatory in the performance of the various acts which he was authorized to perform, Mrs. Belanger granted to him the express power to draw, in her name, all drafts or notes necessary in the liquidation of her debts, and in carrying' on the business of the plantation.
This act of procuration was accepted by the same public act, one clause of which is in these words: “It is agreed further, that this agency shall last at least three years, and as much longer, on the same terms, as the parties may mutually agree.”
It is admitted by the counsel, maintaining the validity of these promissory notes that most, if not all of them, were executed more than three years after the execution of the mandate. By the conditions of the grant of power, it might continue after the expiration of three years, if the parties should mutually agree to its extension. Parol evidence of the continuance of the power was introduced and admitted. A bill of exceptions was reserved by the opposing counsel. The objection is, that the extension of the agency cannot be proved by parol.
The rule, we apprehend, applies only to the parties, to the act. “ The authentic act proves against a third person rent iptsam, that is to say, that the transaction which it includes has intervened. Pothier on Obligations, vol. 1, p. 427, No. 704. The same author afterwards says, (No. 76C, same volume) it remains to observe that the prohibition of parol evidence against or beyond the contents of an act only extends to the persons who were parties to it. It cannot affect third parties. This doctrine is laid down, and elucidated by Judge Porter in the case of Barry v. Louisiana Insurance Compang, 11 Martin, p. 630, and it has been frequently recognized in subsequent decisions of this Court. 2 L. 157; 3 An. 464; 4 L. 29.
The exception, we think, was not well taken.
The next objection is to the vote of R. C. Moore, who made oath that he is the owner of two notes deposited by him in the Canal Bank, as collateral security, and were not for that reason then in his actual possession. The vote of L. L. Holcombe is contested on the ground that the claim he offered to represent belongs to his wife, an interdict, without a curator; her husband, up to th'e time of the meeting, not having qualified in that capacity. Mrs. Holcombe, it appears, is one of the heirs, and it is claimed that she has a tacit mortgage against the property growing out of her rights in her father’s estate.
The view we have taken of the claims of Hall, to the administration of the estate, renders it unnecessary to pass upon the opposition to the votes of Pugh, Bruff and Roussel.
The correctness of these different claims, supported by the oaths of the several parties, and, in the case of the notes executed by Washington Tanner, as agent, by some evidence of the extension of the agency, we think the prima facie proof required by law, to entitle claimants to vote in the election of syndic, has been made by the parties; and the more so, because we find in the record no testimony of any kind of a rebutting character. Were the votes of Holcombe and Moore excluded, the entire amount would still largely preponderate in Moore’s favor.
It is therefore ordered, adjudged and decreed, that the judgment of the *53 District Court rendered on the 14th of September, 1865, be affirmed so far as it annulls the appointment of Winchester Hall, administrator of the estate of Celeste Belanger, deceased; and it sufficiently appearing that the appointment of Elizabeth Jordon and Franklin Tanner, as coadministrators of said succession, has become nugatory through their failure to furnish security according to law, for the faithful discharge of the duties of administrators, and their appointment being, suspended by the proceedings in insolvency, it is further ordered that the said judgment, as far as it relates to the appointment of said Elizabeth Jordan and Franklin Tanner to said office, be annulled, avoided and reversed, the appellees paying the costs of this appeal, and the appellant the costs in the Court below. It is further ordered, adjudged and decreed, that the judgment of the District Court, rendered on the 80th of November, 1866, homologating the proceedings of the meeting of creditors and appointing Robert C. Moore syndic, be affirmed, with costs in both Courts.